J-S34041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| AMBER NICOLE BURGER | : | No. 613 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 20, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000668-2020

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED SEPTEMBER 16, 2025**

The matter returns to this Court following the Pennsylvania Supreme Court's decision in **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025). The Commonwealth appeals from the April 20, 2021 Judgment of Sentence entered in the Centre County Court of Common Pleas following Appellee Amber Nicole Burger's conviction of Driving Under the Influence of a Controlled Substance ("DUI").[1] The Commonwealth argues that the sentence is illegal because the trial court failed to classify Appellee's acceptance of Accelerated Rehabilitative Disposition ("ARD") for a 2016 DUI charge as a "prior offense" for purposes of sentencing on the current offense. This Court initially vacated

---

[1] 75 Pa.C.S. § 3802(d)(2).

Appellee's judgment of sentence and remanded for resentencing,[2] however, on June 24, 2024, the Supreme Court granted Appellee's petition for allowance of appeal and vacated our order, remanding the matter for reconsideration in light of **Shifflett**. **Commonwealth v. Burger**, ___ A.3d ___, 2025 WL 1739474 (Pa. June 24, 2025) (*per curiam*).

On May 30, 2025, our Supreme Court issued its decision in **Shifflett**, in which it severed and invalidated the provision of Section 3806[3] allowing "a previous acceptance of ARD to be used as a basis for an enhanced sentence under Section 3804[.][4]" **Shifflett**, 335 A.3d at 1178. The Court held that this portion of the provision was facially unconstitutional under the Sixth Amendment.[5] **Id.**

In light of **Shifflett**'s holding that it is unconstitutional to enhance Appellee's sentence based on her acceptance of ARD, we now conclude that the trial court correctly declined to classify Appellee's 2016 ARD-DUI as a prior

---

[2] **Commonwealth v. Burger**, 290 A.3d 661 (Pa. Super. 2022) (non-precedential decision). Then-existing precedent held that a prior DUI for which a defendant accepted ARD could lawfully be considered a "prior offense" for the purposes of sentencing on a subsequent DUI. **See Commonwealth v. Richards,** 284 A.3d 214, 220 (Pa. Super. 2022) (*en banc*), **appeal granted**, 294 A.3d 300 (Pa. 2023), **abrogated by Shifflett**, 335 A.3d at 1176; **Commonwealth v. Moroz**, 284 A.3d 227, 233 (Pa. Super. 2022) (*en banc*), **vacated**, 284 A.3d 227 (Pa. 2025).

[3] 75 Pa.C.S. § 3806.

[4] 75 Pa.C.S. § 3804.

[5] U.S. Const. amend. VI.

offense for purposes of sentencing and properly sentenced Appellee as a second-time offender, rather than a third-time offender.

Judgment of sentence affirmed.

Judge McLaughlin joins the judgment order.

Judge McCaffery did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/16/2025